UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

NICHOLAS R. TIPTON,                    )
                                       )
            Petitioner,                )
                                       )
v.                                     )          No.:    2:15-CV-43-JRG-MCLC
                                       )
DAVID SEXTON, Warden,                  )
                                       )
            Respondent.                )

**MEMORANDUM OPINION**

This is a pro se prisoner's application for a writ of habeas corpus pursuant to 28 U.S.C. §

2254, in which Petitioner challenges his 2008 Washington County, Tennessee jury conviction for

three counts of aggravated rape [Doc. 2]. For these offenses, Petitioner received a total prison

sentence of forty-four (44) years' imprisonment.

Respondent has filed an unopposed motion to dismiss the petition, arguing that the

petition is time-barred under 28 U.S.C. § 2244(d)(1) [Doc. 8].   In support of his motion,

Respondent has submitted a brief and copies of the state court record [Docs. 9-10].   For reasons

which appear below, Respondent's motion will be **GRANTED**.

**I.    PROCEDURAL HISTORY**

On October 11, 2011, Petitioner's convictions were affirmed on direct appeal by the

Tennessee Court of Criminal Appeals (hereinafter "TCCA").   *State v. Tipton*, No. E2009-02676-

CCA-R3-CD, 2011 WL 4790945 (Tenn. Crim. App. Oct. 11, 2011).   Petitioner did not apply for

permission to appeal to the Tennessee Supreme Court ("TSC").

Petitioner's next challenge to his conviction was mounted under the Tennessee Post-

Conviction Procedure Act by means of his filing, on October 21, 2013, a petition for post-

conviction relief [Doc. 10, Attachment 17]. An evidentiary hearing was held; the state trial court

denied the petition; and Petitioner did not seek review of the trial court's decision in the TCCA.

There followed this instant § 2254 habeas corpus application.

## II.     STATUTE OF LIMITATION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified in 28

U.S.C. § 2241, which amended the federal habeas corpus statutes, imposed a statute of limitation

to govern the filing of an application for a federal writ of habeas corpus. (There was no time-

restriction for filing a § 2254 petition prior to the amendments.)  The limitation statute provides,

in relevant part:

> A 1-year period of limitation shall apply to an application for a
> writ of habeas corpus by a person in custody pursuant to the
> judgment of a State Court. The limitation period shall run from the
> latest of---
>
> (A) the date on which the judgment became final by the conclusion
> of direct review . . . .

28 U.S.C. § 2244(d)(1).  The time, however, "during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation. . . ."  28 U.S.C. § 2244(d)(2).

Petitioner pursued a direct appeal in the TCCA, but he did not file an application for

permission to appeal to the TSC.  Thus, on December 12, 2011, which was the last day Petitioner

could have pursued an appeal in the TSC, *see* Tenn. R. App. P. 11(b) (an appellant has sixty days

within which to file an application for permission to appeal to the TSC), his conviction became

final and the AEDPA's one-year clock began to tick.[1]  *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-

---

[1] Since the sixtieth day was Saturday, December 10, 2011, Petitioner had until Monday,
December 12, 2011, to seek review in the TSC.

54 (2012) (finding that a state court "judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review . . . in state court, expires").

The AEDPA clock, triggered on December 12, 2011, began ticking and expired on Wednesday, December 12, 2012, one year later. This petition is deemed to have been filed on February 6, 2015, the date Petitioner delivered it to the prison authorities for mailing [Doc. 2 p. 17]. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988). Thus, at more than three years too late, the petition is untimely under § 2244(d), unless something tolled the limitations period.

Petitioner's state post-conviction petition, filed in the trial court on October 21, 2013, cannot serve to toll § 2244(d)(1)'s limitation period because, by the time the state collateral proceedings were initiated, the AEDPA's clock had already stopped and there was no time left to toll. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."); *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002).

Therefore, since the § 2254 application was filed after the lapse of the statute of limitation in § 2244(d)(1)(A), it is untimely.

## III.  EQUITABLE TOLLING

The one-year statute of limitations in AEDPA is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Whether the statute should be equitably tolled depends upon whether a petitioner shows that:  (1) he has been diligent in pursuing his rights, and (2) some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner bears the burden of showing that he is

entitled to equitable tolling. *Id*. The decision as to whether the statute should be equitably tolled must be made on a case-by-case basis. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

Petitioner did not respond to the Warden's motion to dismiss. There is nothing in the petition itself which provides any basis for the application of equitable tolling. Thus, Petitioner has not carried his burden of showing that his case is one of the exceptional ones where equitable tolling is justified. The Court, therefore, finds that the ADEPA's statute of limitation should not be equitably tolled. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (finding that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day").

## IV.  CONCLUSION

For the above reasons, the Court will **GRANT** the Warden's motion to dismiss and will **DISMISS** the petition as untimely under § 2244(d). The Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of its procedural ruling concerning the timeliness of the petition. *See Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Therefore, the Court will also **DENY** issuance of a certificate of appealability, 28 U.S.C. § 2253; Fed. R. App. P. 22(b). Finally, the Court finds that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(3).

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

4